**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOSEPH JONES, | :: | FEDERAL TORT CLAIMS ACT |
|    Plaintiff, | :: | 28 U.S.C. §§ 1346(b), 2671 et seq. |
| | :: | |
| v. | :: | |
| | :: | |
| DARLENE DREW, *Warden, Atlanta* | :: | CIVIL ACTION NO. |
| *Federal Prison Camp*; et al., | :: | 1:15-CV-2142-WSD-RGV |
|    Defendants. | :: | |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff Joseph Jones, who was then under the jurisdiction of the Federal Bureau of Prisons as a pre-release placement at Oriana House, Inc., in Cleveland, Ohio, submitted to the Court this pro se civil action, [Doc. 1], without either prepaying the $350.00 filing and $50.00 administrative fees that are required for civil actions or submitting a financial affidavit seeking leave to proceed in forma pauperis. Accordingly, on June 22, 2015, the Court ordered plaintiff to either pay the fees or submit the required affidavit within thirty days. [Doc. 2]. The Court advised plaintiff that failure to timely comply with the order could result in the dismissal of this action. [Id. at 3]. The copy of the order that was sent to plaintiff was returned to this Court as undeliverable. [Doc. 3]. More than thirty days have passed since entry of the Order, and plaintiff has not paid the fees or submitted a financial affidavit.

AO 72A
(Rev.8/82)

"The failure . . . of a party appearing pro se to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice . . . ." LR 41.2C, NDGa.  Plaintiff has not informed the Court of a change in his mailing address, which has caused delay and adversely affected the management of this case.

Additionally, Federal Rule of Civil Procedure 41(b) allows a district court to "*sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (per curiam) (citing Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)[1]).  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

Because plaintiff changed his address without notifying the Court which has caused delay and adversely affected the management of the case, and he has failed to comply with the Court's order to either pay the fees or submit the required financial affidavit and otherwise failed to prosecute his case, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Local Rule 41.2C for plaintiff's failure to keep the Court informed of his current address and for plaintiff's failure to prosecute this case and failure to obey the Court's order of June 22, 2015.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 30th day of July, 2015.

/s/ Russell G. Vineyard
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE