IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSEPH JONES,

        Plaintiff,

v.

DARLENE DREW, Warden,
Atlanta Federal Prison Camp;
MR. RICE, as Officer in Charge;
and in their official capacity as
employees of the Federal Bureau of
Prisons; and The United States
Government,

        Defendants.

1:15-cv-2142-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [4] ("R&R"). The R&R recommends dismissal of Plaintiff Joseph Jones's ("Plaintiff") action for failure to comply with a lawful order of the Court, and for Plaintiff's failure to keep the Clerk's office informed of his current address.

I.    BACKGROUND

On June 15, 2015, Plaintiff filed his Complaint [1] without prepaying the required $400 filing fee or submitting a financial affidavit seeking leave to proceed

*in forma pauperis*.  On June 22, 2015, the Magistrate Judge ordered Plaintiff to either pay the fee or submit the required affidavit within thirty (30) days.  ([2]).  The Court advised Plaintiff that failure to comply with the order could result in the dismissal of this action.  The order was mailed to Plaintiff, and was returned to the Court as undeliverable.  ([3]).

On August 30, 2015, the Magistrate Judge issued his R&R.  The R&R recommends dismissal of this action for failure to comply with a lawful order of the Court, and for Plaintiff's failure to keep the Clerk's office informed of his current address.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  No party objects to the R&R, and the Court thus conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.  <u>Analysis</u>

Under Local Rule 41.3(A)(2), "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case."  LR 41.3(A)(2), NDGa.

The Local Rules also provide that a *pro se* party's failure to "keep the clerk's office informed of any change in address . . . which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice."  LR 41.2(C).

The Court finds no plain error in the Magistrate Judge's recommendation that this action be dismissed for failure to comply with a lawful order of the Court, and for Plaintiff's failure to keep the Clerk's office informed of his current address.  <u>See</u> <u>Slay</u>, 714 F.2d at 1095.  This action is dismissed.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [4] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSSED WITHOUT PREJUDICE**.

**SO ORDERED** this 25th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE